IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH A. BROWN,                    :
                                    :
            Plaintiff               :    CIVIL NO. 1:14-CV-01520
                                    :
      vs.                           :
                                    :
C.O. KEMMERER, et al.,              :    (Judge Rambo)
                                    :
            Defendants              :

## MEMORANDUM

## Background

On August 4, 2014, Plaintiff Joseph A. Brown, an inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"),[1] filed a complaint pursuant to 28 U.S.C. § 1331 setting forth claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977) and the Federal Tort Claims Act ("FTCA") regarding incidents which occurred at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"),

---

1. Brown is presently incarcerated at the Federal Correctional Institution at McDowell, Welch, West Virginia. Brown is serving a life sentence imposed by the District of Columbia Superior Court in 1998 for first degree murder, possession of a firearm during a crime of violence, and carrying a pistol without a license. He is eligible for parole in August of 2031. Doc. 52-1, Declaration of Jennifer Knepper, Exhibit 1 & Attachment A, at 3-7.

on and after April 12, 2013.[2]  Brown alleged in pertinent

part as follows, including the grammatical errors:

> On April 12, 2013, the plaintiff was violently
> placed in restraints by (C.O.) Kemmer[3] and other
> staff members for his refusal to accept a
> cellie. As a result, the plaintiff suffers nerve
> damage to both hands with a loss of feeling and
> numbness. The plaintiff also has permanent scars
> of keloids around his wrist, waist, and ankles
> due to the beating, and tightness of the
> restraints used as weapons.  The plaintiff also
> suffered additional trauma after he was forced

_____

2.  28 U.S.C. § 1331 states as follows: "The district
court shall have original jurisdiction of all actions
arising under the Constitution, laws, or treaties of
the United States."

    Bivens stands for the proposition that "a citizen
suffering a compensable injury to a constitutionally
protected interest could invoke the general federal
question jurisdiction of the district court to obtain
an award of monetary damages against the responsible
federal official." Butz v. Economou, 438 U.S. 478, 504
(1978).

    The FTCA provides a remedy in damages for the
simple negligence of employees of the United States to
protect federal inmates.  United States v. Muniz, 374
U.S. 150, 150 (1963).  In presenting a FTCA claim, a
plaintiff must show: (1) that a duty was owed to him by
a defendant; (2) a negligent breach of said duty; and
(3) that the negligent breach was the proximate cause
of the plaintiff's injury/loss.  Mahler v. United
States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd
306 F.2d 713 (3d Cir. 1962), cert. denied, 371 U.S. 923
(1962).  As a prerequisite to suit under the FTCA, a
claim must first be presented to the federal agency and
be denied by the agency.


3.  The correct spelling is "Kemmerer."

> to urine, and defecate on his self. This went
> on for several days.

Doc. 1-1, "Supplemental Complaint" attached to the
complaint(Doc. 1.), at 2 (Statement of Claim).

Named as defendants were the United States and
Correctional Officer Kemmerer. Docs. 1 and 1-1. As
relief, Brown requested compensatory damages in the
amount of $3,000,000 and punitive damages in amount to
be determined by a jury. Doc. 1, at 3.

On October 27, 2014, the Defendants filed a
motion to dismiss and/or for summary judgment. Doc. 15.
A statement of material facts and a supporting brief
were filed on November 10, 2014. Docs. 16 and 17.  After
an amended complaint was filed by Brown on February 20,
2015, naming 23 additional individual defendants, all
who were employed at USP-Lewisburg, the Defendants'
motion to dismiss and/or for summary judgment was deemed
moot. Docs. 32, 35 and 38.  The amended complaint
essentially set forth the same claims as the original
complaint and requested the same relief.

Brown also attached to the amended complaint
what he claims were administrative remedy and appeal

forms which he submitted at the Institutional, Regional
and Cental Office levels of the Federal Bureau of
Prisons.  Brown claims that the first document is a copy
of the appeal submitted to the Central Office; the
second document the appeal submitted to the Regional
Administration; the third document the remedy submitted
to the Warden at USP-Lewisburg; and the fourth document
the informal complaint submitted at USP-Lewisburg to
Corrections Counselor Robert Marr. Doc. 35, at 12-15.
As will be explained in more detail *infra* none of these
documents bear a remedy/appeal number, the letter for
the level of the administrative process or a number
indicative of how many times the remedy appeal was
submitted at each level.  Also each of the documents
essentially set forth Brown's complaint relating to
being assaulted by corrections officers and having had
restraints applied too tight on April 12, 2013.  The
informal resolution document bears Brown's name and
prison registration number and indicates that the form
was provided to Brown on July 3, 2013 and is signed by
Corrections Counselor Marr as the individual providing

4

the form to Brown.  The document itself does not establish that Brown submitted a completed form setting forth his grievance/complaint to Corrections Counselor Marr.  The administrative remedy form allegedly submitted to the Warden is signed by Brown and dated July 24, 2013; the appeal form submitted to the Regional Administration is signed by Brown and dated August 8, 2013, only 15 days after the administrative remedy form was allegedly submitted to the Warden; and the appeal form submitted to the Cental Office of the BOP is signed by Brown and dated September 1, 2013, only 24 days after the appeal form was submitted to the Regional Administration.[4]

---

4.  28 C.F.R. § 542.18 states in relevant part as follows:

> If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or [Community Corrections Manager] within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. . . Staff shall respond in writing to all filed Requests or Appeals.  If the inmate does not receive a response within the time allotted for reply . . . the inmate may consider the absence of a

(continued...)

Defendants were served with the amended complaint, and after being granted an extension of time, Defendants filed a motion for summary judgment on July 14, 2015. Doc. 51.  Defendants filed a statement of material facts in accordance with Local Rule 56.1 along with evidentiary materials and a supporting brief on July 28, 2015.  Subsequently, on August 17 and 20, 2015, Brown filed several documents (Docs. 54,[5] 55, 56 and 57) which the court will collectively construe as Brown's brief in opposition and response to Defendants' statement of material facts.  On September 8, 2015, Defendants filed a reply brief and on September 28, 2015, Brown filed a document entitled "Supplemental

---

4.  (...continued)
      response to be a denial at that level.

Brown did not give the Warden the full 20 calendar days to respond to the Administrative Remedy form which Brown claims he submitted to the Warden before he initiated the next step. Likewise he did not give the Regional Director the 30 days to respond to the appeal before he appealed to the Central Office.

5.  To the extent that Document No. 54 which was docketed by the Clerk of Court as a brief could be construed as a counter-motion for summary judgment by Brown, the motion will be denied as premature.

Brief" along with an unsworn declaration under penalty
of perjury pursuant to 28 U.S.C. § 1746. Doc. 61.

Defendants argue that summary judgment should be
entered in their favor because Brown failed to properly
exhaust his administrative remedies for both his <u>Bivens</u>
and FTCA claims.  For the reasons set forth below the
court will grant the motion as it relates to Browns'
FTCA claim and deny the motion as it relates to Browns'
<u>Bivens</u> claim without prejudice to the Defendants
refiling the motion after a period of discovery relating
solely to the issue of exhaustion of administrative
remedies.  <u>See</u> <u>Drippe v. Tobelinski</u>, 604 F.3d 778, 782
(3d Cir. 2010); <u>see</u> <u>also</u> <u>Messa v. Goord</u>, 652 F.3d 305,
308-309 (2nd Cir. 2011)and cases cited therein (no right
to a jury trial on factual disputes regarding an
inmate's failure to exhaust administrative remedies) .

**<u>Summary Judgment</u>**

Federal Rule of Civil Procedure 56(a) requires
the court to render summary judgment "if the movant
shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as
a matter of law."  Fed.R.Civ.P. 56(a).  "[T]his standard

provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a jury or judge could reasonably return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric

Company, 862 F.2d 56, 59 (3d Cir. 1988).  In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings.  When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue.  Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).  The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).  When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

<u>Celotex</u>, 477 U.S. at 323.   <u>See</u> <u>Harter v. G.A.F. Corp.</u>,

967 F.2d 846, 851 (3d Cir. 1992).

**Statement of Facts**

      Local Rule 56.1 states in toto as follows:

> A motion for summary judgment filed
> pursuant to Fed.R.Civ.P. 56, shall be
> accompanied by a separate, short and
> concise statement of the material facts,
> in numbered paragraphs, as to which the
> moving party contends there is no genuine
> issue to be tried.
>
> The papers opposing a motion for summary
> judgment shall include a separate, short
> and concise statement of the material
> facts, responding to the numbered
> paragraph set forth in the statement
> required in the foregoing paragraph; as to
> which it is contended that there exists a
> genuine issue to be tried.
>
> Statement of material facts in support
> of, or in opposition to, a motion shall
> include references to the parts of the
> record that support the statements.
>
> All material facts set forth in the
> statement required to be served by the
> moving party will be deemed to be admitted
> unless controverted by the statement
> required to be served by the opposing
> party.

M.D. Pa. LR 56.1.  A standard practice order was issued

on August 4, 2014, which advised Brown of the

requirements of several Local Rules of Court, including
Local Rule 56.1. Doc. 6.

On July 28, 2015, the Defendants filed a
statement of material facts in accordance with Local
Rule 56.1 along with evidentiary materials, including
the declaration under penalty of perjury of Jennifer
Knepper, an attorney advisor employed at USP-Lewisburg.
Docs. 52 and 52.1.  The Defendants' statement consists
of 20 numbered paragraphs and all of those paragraphs
are supported by portions of the record. Id. Brown on
August 17, 2015, filed a response to Defendants'
statement of material facts which purports to respond to
the Defendants' 20 paragraphs. Doc. 55, at 7-8.
However, in that document Brown confirmed 10 of the
Defendants' paragraphs (paragraphs 1 through 4, 6, 10
and 13 through 16) and when denying the other ten (5, 7
through 9, 11, 12, and 17 through 20) failed to refer to
parts of the record that supported his denial. Id.
Furthermore, as will be explained *infra* the record amply
supports the 10 paragraphs denied by Brown, including

11

the declaration filed by Jennifer Knepper and a
declaration filed by Corrections Counselor Marr, which
is attached to the Defendants' reply brief.  After the
reply brief along with the declaration was submitted by
Corrections Counselor Marr, Brown submitted a
declaration contravening the one submitted by
Corrections Counselor Marr.  Before we address those two
documents, the court will first review the Defendants'
statement of material facts and Brown's response
thereto.

The first 4 paragraphs of Defendants' statement
of material facts which are confirmed by Brown set forth
the Federal Bureau of Prisons' 4-level administrative
remedy process (i.e., informal, institutional, regional
and central office resolution of his complaint).
Initially an inmate is required to attempt to informally
resolve his complaint with prison staff within 20 days
of the events giving rise to the complaint and this
informal process has to be concluded before an inmate
goes onto the next step and submits a Request for

Administrative Remedy to the Warden of the institution.
28 C.F.R. § 542.13(a).  An inmate has 20 days from the
denial of an informal request to submit an
Administrative Remedy Request (form BP-9) to the Warden.
28 C.F.R. 542.14(a). If the warden denies the complaint
at the institutional level, the inmate has 20 days to
submit an Appeal (form BP-10) to the appropriate
Regional Director.  28 C.F.R. § 542.15(a).  Finally, if
the inmate is dissatisfied with the Regional Director's
decision, the inmate has 30 days to submit and Appeal
(form BP-11) to the General Counsel at the Central
Office of the BOP. Id.

The next paragraph, number 5, is denied by Brown
and states as follows: "Each administrative remedy is
given an identification number upon submission, and each
number is then followed by a letter representing the
level that particular remedy was filed at, and a number
to indicate how many times that remedy was filed at each
particular level. See Knepper Decl. (Ex. 1) ¶5."  In
denying this paragraph Brown merely states as follows,

13

including the grammatical errors: "The plaintiff disputes this material fact, it will be given due process with I.d. numbers, Alphabets, and such. That's if there is not staff misconduct in the office."  Brown does not refer to any evidence which contravenes the essential point of paragraph 5 which is that the general practice when the informal complaint (form BP-8), institutional remedy (form BP-9), regional remedy (BP-10) and the central office remedy (BP-11) are submitted they are assigned a number, a letter and a number as to how many time that remedy was filed at each level.

The statement of material facts continues with paragraph 6 which is confirmed by Brown and states as follows: "The institutional administrative remedies are identified by the letter "F," the letter "R" is used for the regional office, and the BOP's Central Office is represented by the letter "A." See id."

The next three paragraphs, 7, 8 and 9, are denied by Brown and state as follows:

7. An administrative remedy is not considered

to be exhausted until it is denied by
the Central Office. <u>See</u> <u>id.</u>

8. Brown has filed ninety-one administrative
remedies, while incarcerated by the BOP, but
he only filed thirteen of those remedies
after the April 12, 2013, incident that is
the subject of his complaint. <u>See</u> Knepper
Decl. (Ex. 1) ¶6; Administrative Remedy
Generalized Retrieval (Attach. B) at 41-44.

9. Of the thirteen administrative remedies that
Brown filed after April 12, 2013, Brown has
only exhausted one of them - an appeal from
a disciplinary hearing for an unrelated
incident. (Remedy ID Nos. 739660-R1,
739660-R2, 739660-A1). <u>See</u> <u>id.</u> at 42-44.

In denying these paragraphs Brown merely states as to
each paragraph as follows: " The plaintiff disputes this
material fact."  Brown does not set forth any evidence
which contravenes the essential points of the
paragraphs. Furthermore, a review of the declaration of
Ms. Knepper and the Administrative Remedy Generalized
Retrieval documents amply support these three
paragraphs.

The statement of material facts continues with
paragraph 10 which is confirmed by Brown and states as
follows: "Although Brown filed administrative remedies

15

alleging a staff complaint (Remedy ID Nos. 745788-R1, 745788-R2)[6] and that his restraints were too tight (Remedy ID No. 749337-A1),[7] the BOP rejected those administrative remedies for failing to follow procedure. See id. at 43-44."

The next two paragraphs, 11 and 12, are denied by Brown and state as follows:

> 11. The BOP's computerized records of Brown's administrative remedy filings indicate that he first filed Administrative Remedies 745788-R1 and 745788-R2 at the Regional Office because there is no record of an an administrative remedy assigned number 745788 followed by the letter "F" to indicate that Brown had properly initiated the administrative remedy process by appealing an informal resolution attempt at the institution.  See Knepper Decl. (Ex. 1); Administrative Remedy Generalized Retrieval (Attach. B); 28 C.F.R. 542.13(a) – 542.14.

> 12. The BOP's computerized records of Brown's administrative remedy filings indicates that he first filed Administrative Remedy 749337-A1 at the Central Office because

_____

6.  As noted earlier the "R2" indicates that the remedy was filed two times at the Regional level.

7.  Likewise the "A1" indicates that the remedy was filed once at the Central Office level.

there is no record of an administrative
remedy assigned number 749337 followed by
the letter "F" to indicate that Brown had
properly initiated the administrative remedy
process by appealing an informal resolution
attempt at the institution. See id.

In denying these paragraphs Brown merely states as to

each paragraph as follows: "The plaintiff disputes this

material fact."  Brown does not set forth any evidence

which contravenes the essential point of the paragraphs

that the BOP's computerized records support the

conclusion that he did not properly file his

complaint/grievance at the institutional level.

Furthermore, a review of the declaration of Ms. Knepper

and the Administrative Remedy Generalized Retrieval

documents amply support these two paragraphs.

The next 4 paragraphs of Defendants' statement

of material facts (13 through 16) are confirmed by Brown

and reveal that Brown never resubmitted the

administrative remedies that were rejected at the

Regional and Central Office levels relating to the April

12, 2013, incident; that BOP computerized records reveal

an extensive history of administrative remedy
submissions by Brown, including refiling remedies to
correct deficiencies identified by rejection notices;
although Brown claims that he did not receive a response
from the Warden relating to the complaint about the
application of restraints on April 12, 2013, the BOP's
record of Brown's administrative remedy submissions
indicated he submitted administrative remedies at the
institutional level concerning other matters at USP-
Lewisburg and received varied responses; and the BOP's
records of Brown's administrative remedy submissions
reveal that Brown properly exhausted administrative
remedies concerning a disciplinary hearing relating to
an incident at USP-Lewisburg.

The last four paragraphs of the statement, 17
through 20, deal with Brown's exhaustion of his
administrative remedies regarding the FTCA claim and
are denied by Brown and state as follows:

> 17. The BOP keeps a computerized database of
> all administrative tort claims filed
> from October 2007 to present. See Knepper

18

Decl. (Ex. 1) ¶7.

18. Brown has filed five administrative tort claims since the April 12, 2013, incident that is the subject of the instant lawsuit. See id.

19. The only administrative tort claim concerning the April 12, 2013 incident is Tort Claim Number 2015-01150, which was received by the BOP on November 6, 2014. See Knepper Decl. (Ex. 1) ¶7; Administrative Tort Claim 2015-01150 and Acknowledgment (Attach. C).

20. Brown initiated the instant lawsuit on August 4, 2014 before he filed the administrative tort claim. See id.; see also Compl. (Doc. 1).

In denying paragraphs 17, 19 and 20 Brown merely states as to each paragraph as follows: "The plaintiff disputes this material fact."  In denying paragraph 18 Brown merely states: "The plaintiff disputes this material fact. Plaintiff's records show otherwise."  Brown does not set forth any evidence which contravenes the essential point of the paragraphs that he prematurely filed an FTCA action in the district court. Furthermore, a review of the declaration of Ms. Knepper and this court's docket reveal that Brown filed the FTCA claim on

August 4, 2014, before he filed his administrative tort claim and before the expiration of the 6 months for the Federal Bureau of Prisons to respond to the claim. <u>See</u> doc. 52-1, Exhibit 1, Knepper Decl. (Attach. C).  A letter from the Regional Counsel of the Federal Bureau of Prisons to Brown dated December, 2014, relating to the administrative tort claim received November 6, 2014, states in pertinent part that "[u]nder the provisions of the applicable federal statute, we have six months from the date of receipt to review, consider and adjudicate your claim."[8] <u>Id.</u>

Attached to Defendants' reply brief is a declaration from Corrections Counselor Marr. Doc. 59-1, at 3-4.  The declaration reveals that one of Corrections Counselor Marr's duties was to coordinate "the informal resolution of administrative remedies for those inmates on [his] caseload." <u>Id.</u>, at 3 ¶3.  Brown was one of the inmates on his caseload from April 19 to June 3, 2013, and from June 11, 2013 to June 25, 2014. <u>Id.</u>

---

8.  28 U.S.C. § 2675(a).

Corrections Officer Marr's practice was when providing the informal resolution forms to inmates to sign and note the date it was provided and that once an inmate returned the completed form to him he would assign the complaint/grievance a number, mark the number on the top of the form, log the date it was received and forward it to the proper department. Id., ¶4.  Corrections Counselor Marr further states that the document which Brown attached to his amended complaint is dated July 3, 2013, and has his signature and Brown's unit assignment on it. Id., at 3-4 ¶5.  He explained that the document was provided to Brown on July 3, 2013. Id., at 4 ¶6.  However, he "did not receive the completed form back from inmate Brown to be processed" and if Brown had returned a completed form he would have assigned a number to it, entered it in the log, and sent it to the appropriate department for a response. Id.  Furthermore, any response would have been filed in Brown's central file and provided to Brown so that he could "file a formal administrative remedy if necessary." Id.

Corrections Counselor Marr further states that he reviewed the log book entries for informal resolution attempts and the log "show[s] no form received from inmate Brown concerning his placement in restraints on April 12, 2013." Id., ¶7.

The declaration under penalty of perjury filed by Brown in response to Corrections Counselor Marr's declaration states in pertinent part as follows:

> 1). . . I attempted, but could not get the needed BP-8 informal grievance form to file within 20 days of the date of the incident on April 12, 2013.
>
> 2) After I completed the BP-8 informal grievance, I then gave it to Counselor Robert Marr, who then signed it, and dated it (July 3, 2013), and made me a copy and returned it to me for my records.

Doc. 61-1, at 2.  The Code of Federal Regulations provides that "the deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9) is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. §

542.14(a).  An extension may be granted if an inmate
"demonstrates a valid reason for the delay."  28 C.F.R.
§ 542.14.(b).

Brown in his declaration appears to be
contending there was a valid delay in obtaining a BP-9
form from Corrections Counselor Marr and that he did
complete the BP-9 and submit it to Corrections Counselor
Marr.  The subsequent Request for Administrative Remedy
which Brown avers he submitted to the Warden of USP-
Lewisburg does buttress Brown's contention. At the
beginning of Part A (Inmate Request) of the completed
form BP-9 submitted on July 24, 2013, Brown states as
follows: "Please accept this grievance if late, I
couldn't get the needed forms to file this complaint. I
gave my counselor the BP-8, but I did not receive a
response. (Submitted July 17, 2013)."[9] At the beginning
of Part A (Reason for Appeal) of the completed form BP-

---

9. The statement "submitted July 17, 2013" could be
interpreted to mean that Brown provided Corrections
Counselor Marr with the completed form on July 17th
which is inconsistent with Brown's declaration.

10 submitted to the Regional Office on August 8, 2013,
Brown states as follows: "Please accept this grievance
if late, I couldn't get the forms needed to file this
complaint. I have not received a reply for the BP-9
filed."  Finally, at the beginning of Part A (Reason for
Appeal) of the completed form BP-11 submitted to the
Central Office on September 1, 2013, Brown states as
follows: "Please accept this grievance if late, I
couldn't get the needed forms to file this complaint.
The BP-8, and BP-9 grievance copies are attached. I
received no response for either."

Corrections Counselor Marr in his declaration
does not indicate what prompted him to provide an
informal remedy form BP-8 to Brown on July 3, 2013, well
after the 20 days for filing a grievance relating to the
April 12, 2013, incident; if Brown previously made a
request or if this was the first request.  He further
does not give any indication if Brown told him he needed
the form to file a grievance regarding the April 12,
2013, incident.  The second paragraph of Brown's

declaration contravenes Corrections Counselor Marr's averment that he did not receive a completed BP-9 from Brown. Brown's averments can be construed as a claim that Corrections Counselor Marr thwarted his attempt to exhaust his administrative remedies regarding the April 12, 2013, incident.[10]

---

10. Brown is advised that under Rule 11 of the Federal Rules of Civil Procedure by filing the declaration with the court he certified that to the best of his knowledge, information and belief, formed after reasonable investigation, the allegations set forth in the declaration are supported by evidence, and that the claims set forth in the complaint are warranted by existing law (or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law).  Although the mere filing of a complaint or other document can subject Brown to Rule 11 sanctions, including an order to pay a penalty into the court which would be deducted from his prison account, the continued pursuit of a case or position that has no legal or evidentiary support or is interposed for an improper purpose is a more significant violation of Rule 11.  Rule 11 prohibits a party from filing a pleading if it is filed for any improper purpose such as to harass, to cause unnecessary delay, or to increase needlessly the cost of litigation. If the court finds that the declaration was false an appropriate sanction would be monetary assessment based a percentage of the time spent by opposing counsel multiplied by a reasonable hourly rate. The assessment would then be ordered deducted from Brown's inmate account.

As for the FTCA claim Brown does not challenge in his declaration the evidence submitted by the Defendants regarding his premature filing of that claim.

## Discussion

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law.  See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 126 S.Ct. 2378 (2006).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.").  "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).  The PLRA also mandates that inmates "properly" exhaust

administrative remedies before filing suit in federal court.  <u>Woodford</u>, 126 S.Ct. at 2387.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  <u>Id</u>. at 2386.  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. <u>Spruill v. Gillis</u>, 372 F.3d 218, 227-32 (3d Cir. 2004). The BOP's procedural requirements for the exhaustion of administrative remedies have been outlined above. 28 C.F.R. §§ 542.10-542.19.

A caveat to the PLRA's exhaustion requirement is that the administrative remedies be in fact available to the prisoner.  The Court of Appeals for the Third Circuit has held that interference with a prisoner's attempts at exhaustion impact the availability of the administrative remedy process. <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003)("A grievance procedure is

not available even if one exists on paper if the
defendant prison officials somehow prevent a prisoner
from using it."); Camp v. Brennan, 219 F.3d 279, 280-
281(3d Cir. 2000)(failing to file grievances); see also
Hemphill v. New York, 380 F.3d 680, 686 (2nd Cir. 2004)(a
court must determine whether a prison official's actions
inhibited the prisoner's exhaustion of remedies); Todd
v. Benning, 173 F. App'x 980, 982-983 (3d Cir.
2006)(same).

       In light of Brown's declaration there appears to
be a genuine issue of material fact as to whether the
administrative remedy process was available to him.
Consequently, at this juncture Defendants' motion for
summary judgment will be denied with respect to the
Bivens claims without prejudice to Defendants' right to
file a subsequent motion for summary judgment after a
period of time for discovery limited to the issue of
exhaustion.

       The United States relying on McNeil v. United
States, 508 U.S. 106, 111-112 (1993) argues that Brown's

FTCA claim should be dismissed because Brown failed to exhaust his administrative remedies prior to filing the present action.  In <u>McNeil</u> the Supreme Court held that a district court does not have jurisdiction over an FTCA claim which was prematurely filed and such claims must be dismissed.  The FTCA provides that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).  There is a presumptive denial if the agency fails to make a final disposition within six months after the administrative tort claim is filed. <u>Id.</u>  The record conclusively established that Brown filed his administrative tort claim with the Federal Bureau of Prison on November 6, 2014.  Based on that filing date the agency had until May 6, 2015, to review and decide his administrative tort claim.  However, Brown prematurely filed an FTCA claim in this court on August 4, 2014.  Consequently,

Brown's FTCA claim cannot be maintained and will be dismissed as premature.

An appropriate order will be entered.

   s/Sylvia H. Rambo
United States District Judge

Dated: January 28, 2016