IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. BROWN, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:14-CV-01520 |
| | : | |
| vs. | : | |
| | : | |
| C.O. KEMMERER, et al., | : | (Judge Rambo) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**Background**

On August 4, 2014, Plaintiff Joseph A. Brown, an inmate (number 09401-007) incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania, filed a complaint pursuant to 28 U.S.C. § 1331 setting forth claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977) and the Federal Tort Claims Act ("FTCA") regarding incidents which occurred at the United States Penitentiary, Lewisburg, Pennsylvania, ("USP-Lewisburg"), on and after April 12, 2013.[1] Brown alleged in pertinent part as follows, including the grammatical errors:

---

1. Brown is presently incarcerated at USP-Lewisburg.

> On April 12, 2013, the plaintiff was violently placed in restraints by (C.O.) Kemmer and other staff members for his refusal to accept a cellie. As a result, the plaintiff suffers nerve damage to both hands with a loss of feeling and numbness. The plaintiff also has permanent scars of keloids around his wrist, waist, and ankles due to the beating, and tightness of the restraints used as weapons. The plaintiff also suffered additional trauma after he was forced to urine, and defecate on his self. This went on for several days.

(Doc. 1-1, "Supplemental Complaint" attached to the complaint(Doc. 1.), at 2 (Statement of Claim)). Along with the complaint Brown filed a motion to proceed in forma pauperis. (Doc. 2.) In the motion to proceed in forma pauperis Brown stated under penalty of perjury that prior to the filing of the complaint he did not file 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Named as defendants were the United States and Correctional Officer Kemmerer. (Docs. 1 and 1-1.) As relief, Brown requested compensatory damages in the amount of $3,000,000 and punitive damages in amount to be determined by a jury. (Doc. 1, at 3.)

On October 27, 2014, the Defendants filed a motion to dismiss and/or for summary judgment. (Doc. 15.) A statement of material facts and a supporting brief were filed on November 10, 2014. (Docs. 16 and 17.) After an amended complaint was filed by Brown on February 20, 2015, naming 23 additional individual defendants, all who were employed at USP-Lewisburg, the Defendants' motion to dismiss and/or for summary judgment was deemed moot. (Docs. 32, 35 and 38.) The amended complaint essentially set forth the same claims as the original complaint and requested the same relief.

Defendants were served with the amended complaint, and after being granted an extension of time, Defendants filed a motion for summary judgment on July 14, 2015. (Doc. 51.) Defendants argued that summary judgment should be entered in their favor because Brown failed to properly exhaust his administrative remedies for both his <u>Bivens</u> and FTCA claims. By memorandum and order of January 28, 2016, the court granted the motion as it related to Browns' FTCA claim and denied the motion as it related to Browns' <u>Bivens</u> claim without

prejudice to the Defendants refiling the motion after a period of discovery relating solely to the issue of exhaustion of administrative remedies. See Drippe v. Tobelinski, 604 F.3d 778, 782 (3d Cir. 2010); see also Messa v. Goord, 652 F.3d 305, 308-309 (2nd Cir. 2011) and cases cited therein (no right to a jury trial on factual disputes regarding an inmate's failure to exhaust administrative remedies).

After a period of discovery, Defendants filed a motion for summary judgment in which they argued that Brown failed to exhaust administrative remedies. (Doc. 90.)  On October 31, 2016, Defendants notified the court that they were withdrawing the motion because there were material issues of fact in dispute and they requested an evidentiary hearing.  On November 9, 2016, the court directed the parties to notify the court within forty-five (45) days if they would consent to the referral of this matter to a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) for an evidentiary hearing and decision regarding whether or not Brown exhausted administrative remedies.  On November 18, 2016, Plaintiff informed the

court that he would not consent to such a referral. Although the court was unable to refer this matter to a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) because of the lack of consent from Plaintiff, the court on November 22, 20016 referred the matter to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)) on the issue of exhaustion of administrative remedies and for the submission of a report and recommendation. The matter was assigned to Magistrate Judge Arbuckle. As of this date a hearing has not been held.[2]

Recently, Brown filed two new civil cases.[3] Upon review and screening of those two cases it was determined that although Brown stated in motions to proceed in forma pauperis that he did not have three strikes under the Prison Litigation Reform Act, an electronic search on PACER revealed that the claim was false. The court will again enumerate those strikes.

---

2. Magistrate Judge Arbuckle is in the process of scheduling a hearing.

3. The two cases were as follows: (1) Brown v. Dees, et al., Civil No. 1:16-CV-1585 (M.D.Pa. filed July 28, 2016) and (2) Brown v. Edinger, et al., Civil No. 1:16-CV-1700 (M.D.Pa. filed Aug. 12, 2016).

On September 15, 2011, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Eastern District of California. Brown v. United States of America, et al., No. 1:11-CV-01562-MJS. On May 31, 2013, a fifth amended complaint filed in that action by Brown was dismissed for failure to state a claim upon which relief can be granted and it was specifically stated in the order that "the dismissal shall count as a strike under 28 U.S.C. § 1915(g)[.]"  Brown v. United States of America, et al., No. 1:11-CV-01562-MJS, slip op. at 12 (E.D.Ca. May 31, 2013)(Doc. 58).

On February 6, 2012, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Eastern District of California. Brown v. United States of America, et al., No. 1:12-CV-00165-AWI-GSA. On November 13, 2014, Brown's complaint was dismissed for failure to state a claim upon which relief can be granted and it was specifically stated in the order that the "dismissal is subject to the "three strikes' provision set forth in 28 U.S.C. § 1915(g)[.]"

Brown v. United States of America, et al., No. 1:12-CV-00165-AWI-GSA, slip op. at 2 (E.D.Ca. Nov. 13, 2014)(Doc. 63).

On December 19, 2013, Brown (inmate number 09401-07) filed a civil rights complaint in the United States District Court for the Central District of California. Brown v. Profitt, et al., No. 5:13-CV-02338-UA-RZ. On March 3, 2014, Brown's application to proceed without prepayment of the full filing fee was denied and the complaint dismissed for failure to state a claim upon which relief can be granted and it was stated that the dismissal would constitute a strike under 28 U.S.C. § 1915(g). Brown v. Profitt, et al., No. 5:13-CV-02338-UA-RZ (C.D.Ca. Mar. 7, 2014)(Doc. 3)(order re motion for leave to file action without prepayment of full filing fee).[4] For the reasons set forth below, the above-captioned case will be dismissed if Brown fails to pay

---

4. A 1-page form order was completed by a Magistrate Judge in which the Magistrate Judge recommended denial of the motion to proceed without full prepayment of the filing fee and dismissal of the complaint for failure to state a claim upon which relief could be granted and the Chief Judge of the Central District of California adopted the recommendation.

the balance of the filing fee ($340.53) and a $50.00 administrative fee within thirty (30) days.

**Discussion**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), in an effort to halt the filing of meritless inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g), and Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir 2001)(en banc). The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir.2002). "Imminent danger" is assessed not at the time of the alleged incident, but rather at the

time the complaint is filed. Abdul-Akbar, 239 F.3d at 312. Furthermore, the Court of Appeals for the Third Circuit explained that

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315.

As stated above in the motion to proceed in forma pauperis filed by Brown, he falsely stated that he did not have three or more strikes. A review of the District Court dockets in California reveals that Brown has three strikes. Also, Brown did not claim that he was in "imminent" danger of serious physical injury and there are no facts set forth in Brown's complaints from which it could be concluded that he was in such danger at the time he filed the complaint on August 4, 2014. Consequently, Brown's complaint will be dismissed unless

within thirty (30) days of the date hereof he pay the balance of the filing fee and an administrative fee.

An appropriate order will be entered.

                                           s/Sylvia Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: January 3, 2017